

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Anton v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Anton v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2074
_____

JHONNY ANTON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-840)
Immigration Judge:  Honorable Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before:    SCIRICA, Chief Circuit Judge, FUENTES and GARTH, Circuit Judges.

(Opinion filed:  May 19, 2008)
_____

OPINION
_____

PER CURIAM

Jhonny Anton petitions for review of a final order of removal issued by the Board

of Immigration Appeals ("BIA").  We deny his petition for the reasons that follow.

I.

Anton, a native and citizen of Indonesia, entered the United States in April 2001, and failed to depart the country when his visa expired in October 2001. He was then served with a notice to appear in May 2003. In September 2003, Anton admitted removability and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He claimed that he was subject to past persecution, and feared future persecution, because he is an ethnic Chinese Christian.

In proceedings before the Immigration Judge ("IJ"), Anton alleged prior acts of persecution on account of his ethnicity and Catholicism.[1] He also submitted documentary evidence detailing country conditions in Indonesia, including State Department country and religious freedom reports. In an oral decision, the IJ determined that Anton was ineligible for asylum because his request was untimely and he failed to establish the extraordinary or changed circumstances necessary to excuse his delay. The IJ also denied Anton's further requests for withholding of removal and CAT relief.

The BIA dismissed Anton's appeal, finding "no reversible error in the [IJ's]

---

[1] These incidents include: (1) assaults and robberies on his way to and from school; (2) an attack by a mob of native Indonesians at a shopping mall when he was in junior high school; (2) extortion in connection with obtaining a government ID card and keeping his father's grave from being vandalized; (3) "being trapped in his store during the 1998 race riots for three days while native Indonesians rampaged against ethnic Chinese businesses, homes, and cars;" (4) the looting of his cousin's house during the 1998 riots; and (5) the terrorist bombing of a church while he was attending Christmas Eve Mass at a nearby house of worship. (Petitioner's Br. at 18.)

2

conclusion that [Anton] failed to show that his life or freedom would more likely than not be threatened on account of a protected ground if he were removed to his native country." (AR000002 (citations omitted).)  The BIA further concluded that the various acts of mistreatment described by Anton are not sufficiently severe to constitute persecution, or to establish a "pattern or practice" of persecution against Chinese Christians in Indonesia. Finally, the BIA determined that Anton "has not shown that the [IJ] erred in concluding that he failed to prove that he more likely than not faces 'torture'" for purposes of CAT relief.  (Id.)

Anton filed a timely petition for review.

II.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252.  Because the BIA concurred with the findings made by the IJ and then added its own supplemental reasoning, we review both the BIA's order and the IJ's decision.  See Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007).

III.

Anton challenges the denial of his requests for withholding of removal and CAT relief on the grounds that: (1) the past incidents of mistreatment he suffered are sufficiently severe to constitute persecution; (2) the State Department religious freedom reports demonstrate a "pattern or practice" of persecution against ethnic Chinese Christians in Indonesia; (3) the IJ violated his procedural due process rights by failing to

3

review the documentary evidence in the record, especially the State Department's reports regarding Indonesia; and (4) the reports likewise establish a clear probability that he would be subject to conduct amounting to torture if returned to Indonesia. His various contentions, however, must be rejected.[2]

### 1.

We consider first whether substantial evidence supports the IJ's finding that Anton did not suffer past persecution. See Jarbough, 483 F.3d at 191. There is adequate evidentiary support to find that the unfortunate acts described by Anton are insufficiently severe to constitute past persecution. As the BIA expressly recognized, "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Accordingly, mere criminal conduct, such as simple robbery, does not ordinarily constitute persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005).

### 2.

Anton also contends that he was entitled to withholding of removal because there exists a "pattern or practice" of persecution against ethnic Chinese Christians. See 8

---

[2] The IJ denied Anton's request for asylum as untimely, concluding that he failed to satisfy the changed or extraordinary circumstances standard for a late application. 8 U.S.C. §§ 1158(a)(2)(B), (D). An administrative determination that an asylum application was untimely is generally unreviewable by this Court. 8 U.S.C. § 1158(a)(3). In any case, Anton did not challenge the timeliness determination in either his appeal to the BIA or to this Court.

C.F.R. § 1208.16(b)(2). While it is true that 2005 State Department religious freedom report for Indonesia (the most recent such report in the record) refers to continuing acts of violence against Christians by various private actors, and notes that the government occasionally tolerates such conduct, it is clear that the record contains substantial evidence to support the IJ and BIA's conclusions that such acts do not rise to the level of a "pattern or practice" of persecution. The 2005 religious freedom report found that the Indonesian government generally respected freedom of religion; Catholicism was an officially recognized faith; most of the population continued to enjoy a high degree of religious freedom; and notable advances in religious tolerance and cooperation occurred over the reporting period. The 2005 State Department country report similarly states that instances of anti-Chinese discrimination declined during the reporting period and that recent reforms increased religious and cultural freedoms for Indonesians who are Chinese Christians. Consequently, it is clear that the denial of Anton's withholding of removal "practice or pattern" claim was supported by substantial evidence.

3.

Anton further asserts that the IJ and BIA violated his right to procedural due process. He contends that the IJ and BIA failed to review the documentary evidence in the record (in particular, the State Department reports) and did not properly consider his "pattern or practice" claim, and as such did not provide him with the "individualized determination of his interests" that due process requires. Abdulai v. Ashcroft, 239 F.3d

542, 549 (3d Cir. 2001). To prevail on such a claim, Anton must demonstrate "substantial prejudice." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

A review of the record reveals that both the BIA and the IJ appropriately took into account Anton's documentary evidence. The IJ, in addition to noting the various State Department reports submitted by Anton as exhibits, emphasized that "the Department of State report reflects that, while there were many laws discriminating against Chinese in the past, many of these discriminatory laws have been abolished" and that "conditions for ethnic Chinese, while not perfect, certainly have improved." (AR000108.) The BIA stated that it did not wish to diminish the "seriousness" of discrimination encountered by Anton and "similarly situated ethnic Chinese individuals" and then cited this Court's ruling in Lie as "finding no pattern or practice of persecution against Chinese Christians in Indonesia." (AR000003.) Moreover, Anton was accorded both a meaningful opportunity to be heard as well as an "individualized determination" based on the actual record in this case.[3] See Abdulai v. Ashcroft, 239 F.3d 542, 549-50 (3d Cir. 2001). Consequently, Anton cannot show "substantial prejudice," and his due process claim must fail.

4.

---

[3] The fact that the BIA and the IJ considered Anton's "pattern or practice" claim distinguishes this case from our ruling in Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006), in which we held that the IJ erred in failing to even consider the petitioners' claim of a "pattern or practice" of persecution against Chinese Christians in Indonesia. Id. at 637.

Finally, the denial of Anton's claim for relief under the CAT is also supported by substantial evidence. For an act to constitute "torture" under the convention, it must, among other things, "caus[e] <u>severe</u> physical or mental pain or suffering." <u>Auguste v. Ridge</u>, 395 F.3d 123, 151 (3d Cir. 2005) (citation omitted) (emphasis added). As the BIA noted, Anton "has not claimed that he was tortured in the past or pointed to any reason why he would be singled out for torture by or with the acquiescence of the Indonesian government." (AR000003.) Accordingly, his torture claim must likewise be rejected.

## IV.

For the foregoing reasons, we deny the petition for review.